IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 14, 2004 Session

## JOSEPH M. STONE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-D-3028     Cheryl Blackburn, Judge**

**No. M2003-00731-CCA-R3-PC - Filed February 17, 2004**

The petitioner contends that he received ineffective assistance of counsel and that his guilty pleas were unknowing and involuntary. We conclude that the petitioner has failed to meet his burden of demonstrating by clear and convincing evidence that he was denied the effective assistance of trial counsel. We also conclude that the petitioner's guilty pleas were knowing and voluntary. Based on the foregoing conclusions and the record as a whole, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Kimberly S. Hodde, Madison, Tennessee, for the appellant, Joseph M. Stone.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Joseph M. Stone, was indicted on six counts of burglary, three counts of Class D felony theft, two counts of Class E felony theft, and two counts of misdemeanor theft. The petitioner pled guilty to six counts of burglary and one count of Class E felony theft, with the length and manner of service of the sentence to be determined by the trial court. The other charges were dismissed. Following a sentencing hearing, the trial court sentenced the petitioner to ten years on each burglary conviction and to five years on the theft conviction. Two of the burglary sentences were ordered to be served consecutively, with the other sentences running concurrently, for a total effective sentence of twenty years as a Range III, persistent offender. On direct appeal, this Court affirmed the judgments of the trial court. State v. Joseph M. Stone, No. M2000-01321-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 270 (Tenn. Crim. App., at Nashville, Apr. 12, 2001). The petitioner

timely filed a *pro se* petition seeking post-conviction relief, alleging ineffective assistance of counsel and involuntary and unknowing guilty pleas. After an evidentiary hearing, the post-conviction court denied relief, and the petitioner timely filed his notice of appeal. We affirm the post-conviction court's denial of the petitioner's request for post-conviction relief.

**Facts**

The petitioner's wife, Tabitha Stone, and his mother, Betty Ann Stone, both testified at the post-conviction hearing. According to these witnesses, the petitioner attempted to contact trial counsel unsuccessfully numerous times throughout the course of representation. During the eleven-month period, the petitioner met with trial counsel for approximately an hour and a half. On the morning of March 9, 2000, just prior to the petitioner's guilty plea hearing, counsel handed the petitioner a document to sign in the hallway outside of the courtroom. Counsel told the petitioner that it was a rejection of the State's offer of twelve years. The witnesses testified that counsel told the petitioner to reject the offer because he could probably get between four and six years if he submitted to the trial court for sentencing. Although the petitioner read the document, the witnesses did not think he understood it. According to them, counsel told the petitioner to agree to everything the judge asked. If not, she would "throw the book at him." The petitioner's mother said that the petitioner understood his three prior plea agreements but that he did not understand what he was doing this time.

The petitioner also testified at the post-conviction hearing. According to the petitioner, he first met with counsel in June of 1999. At that time, counsel told him that he might get a sentence of Community Corrections or probation since he had not been convicted in the past ten years. The petitioner attempted to contact counsel several times, but he was not successful. The petitioner did come into contact with counsel at a local hospital. Counsel did not want to discuss the petitioner's case at that time, and he told the petitioner that he would contact him when counsel felt better. The petitioner stated that he drove to counsel's office approximately five months later to speak with him. Counsel told the petitioner that he had not had time to look at his case thus far. The petitioner made contact with counsel over the phone in October of 1999. However, he said that counsel hung up on him without discussing his case. According to the petitioner, the next time he communicated with counsel was a few days before his March 9, 2000 plea hearing. Counsel told the petitioner that he would talk to him on the day of the plea hearing. On that day, the petitioner met with counsel in the hallway outside the courtroom. Counsel told him that the State had made an offer of twelve years. He told the petitioner that he should reject the offer of twelve years because he could receive from two to six years instead. According to the petitioner, counsel told him to agree to everything the judge asked. The petitioner said that he understood the plea agreements he had entered into in the past but that he did not understand this one. The petitioner testified that, if he had known he could get a twenty-year sentence, he would have insisted on going to trial. However, he did remember the judge saying that he could be sentenced to as many as thirty-six years.

The petitioner's trial counsel testified that he had been practicing law for approximately sixteen years. He spent the first six or eight years as a district attorney, and his current practice

consisted of approximately ninety to ninety-five percent criminal defense work. In regard to the petitioner's case, counsel took discovery from the State, familiarized himself with the charges, and received information about the petitioner's prior criminal history. According to counsel, he had no problems communicating with the petitioner and documented approximately five or six meetings and discussions. Counsel did not recall how many times he met with the petitioner face-to-face, but he did remember talking with the petitioner over the phone on a number of occasions. The petitioner never complained to counsel about his representation. Counsel testified that, on February 10, 2000, he received an offer from the State to settle and immediately relayed it to the petitioner. According to counsel's notes, which he referred to at the hearing, the petitioner agreed to accept the State's offer on February 18, 2000. He stated that the decision to accept the plea agreement was not made in the hallway prior to the plea hearing and that he never told the petitioner to "just agree" with what the judge asked. Counsel acknowledged that the plea agreement was rather complicated and "difficult to follow." Counsel said that it was usual for there to be a period of time in which he does not communicate with a defendant because it takes about six months from the preliminary hearing until indictment.

**Analysis**

The petitioner contends that he received ineffective assistance of counsel. When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. § 40-30-110(f) (2003). This Court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

In the petitioner's claim of ineffective assistance of counsel, he alleges that counsel failed to properly communicate with the petitioner. The post-conviction court credited the testimony of counsel and found that he had produced notes and testified that he spoke with the petitioner several times, both in person and on the phone. The court also found that, even if counsel met with the petitioner for only one or two hours, the petitioner had not shown that counsel's performance was so deficient as to constitute ineffective assistance of counsel. We do not find that the evidence preponderates against the post-conviction court's findings and conclude that the petitioner has failed to show prejudice by any alleged failure to communicate. The record does not demonstrate that any additional communication would have altered the petitioner's decision to enter a guilty plea. This issue is without merit.

Additionally, the petitioner alleges ineffective assistance because of counsel's failure to interview or conduct an investigation into alibi witnesses. As the post-conviction court correctly pointed out, the only way to establish the prejudicial value of a witness's testimony is to present that witness at the post-conviction hearing. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). "It is elementary that neither a trial judge nor an appellate court can speculate or guess on the question of . . . what a witness's testimony might have been if introduced by defense counsel." Id. The petitioner did not present any of the alibi witnesses at the post-conviction hearing; therefore, he has failed to establish any prejudice. This issue is without merit.

In addition to ineffective assistance of counsel, the petitioner claims that his guilty pleas were unknowing and involuntary. A post-conviction petitioner may successfully attack his conviction when his guilty plea was unknowing or involuntary. See Tenn. Code Ann. § 40-30-203; Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969); State v. Wilson, 31 S.W.3d 189, 194 (Tenn. 2002). A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he or she fully understands the plea and its consequences. State v. Pettus, 968 S.W.2d 540, 542 (Tenn. 1999); Blankenship, 858 S.W.2d at 904. Because the plea must represent a voluntary and intelligent choice among alternatives available to the defendant, the trial court may look at a number of circumstantial factors in making this determination. Blankenship, 858 S.W.2d at 904. These factors include: (1) the defendant's relative intelligence; (2) his familiarity with criminal proceedings; (3) whether he was represented by competent counsel and had the opportunity to confer with counsel about alternatives; (4) the advice of counsel and the court about the charges against him and the penalty to be imposed; and (5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial. Id. at 904-05.

The post-conviction court found that the guilty pleas entered by the petitioner were knowing and voluntary based on several factors. First, the petitioner had entered into plea agreements on multi-count indictments on at least three prior occasions. Also, the plea transcript reveals that he was aware of the nature and consequences of the guilty plea. The petitioner indicated that he had read the plea agreement and had no questions. The testimony of trial counsel, credited by the post-conviction court, indicated that the petitioner had agreed to accept the plea on February 18, 2000,

approximately three weeks before the plea hearing. At the plea hearing, the judge told the petitioner that he could be getting a maximum sentence of thirty-six years. The petitioner stated that he understood the consequences. The petitioner told the trial court that he had read the plea agreement and did not have any questions. The trial judge asked, "if you were confused, would you make sure you got it cleared up?", to which the petitioner responded, "Oh, yes." The evidence does not preponderate against the post-conviction court's findings. The petitioner has failed to demonstrate that the guilty pleas were unknowing and involuntary. This issue is without merit.

## Conclusion

We conclude that the petitioner has failed to meet his burden of demonstrating by clear and convincing evidence that he was denied the effective assistance of counsel. We also conclude that the petitioner's guilty pleas were knowing and voluntary. Based on the foregoing reasoning and the record as a whole, we affirm the denial of post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE